# IN THE SUPERIOR COURT
# FOR THE DISTRICT OF COLUMBIA
### (Civil Division)

| | |
|---|---|
| MICHAEL BEST,<br>2130 Brooks Drive, #704<br>District Heights, MD 20747<br><br>    Plaintiff,<br><br>            v.<br><br>DISTRICT OF COLUMBIA<br>Fire and Emergency Medical Services<br>2000 14th Street NW, 5th Floor<br>Washington, D.C. 20009<br><br>    Defendants. | Civil Action No. |

## COMPLAINT

**COMES NOW** Plaintiff, Michael Best ("Plaintiff" or "Mr. Best"), by and through his undersigned counsel, and sues District of Columbia Fire and Emergency Medical Services ("Defendant" or "DCFEMS"), and for cause of action states, as follows:

## NATURE OF THE CASE

1. Plaintiff Michael Best (hereinafter "Plaintiff" or "Mr. Best") brings this civil action pursuant to the District of Columbia Human Rights Act of 1977, D.C. Code § 2-1402.11 *et seq.* and D.C. Code § 2-1402.61 *et seq.*; for relief from Defendant District of Columbia Fire and Emergency Medical Services ("Defendant" or "DCFEMS"), of discrimination based on Plaintiff's age, sex and race as well as retaliation.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over the subject matter of this case pursuant to D.C. Code § 11 – 921.

3. Venue properly lies with this Court as the defendants are an entity of the District of Columbia Government and the actions forming the basis of the claims occurred within the District of Columbia.

## PARTIES

4. Plaintiff, Mr. Best, is currently domiciled at 2130 Brooks Drive, #704, District Heights, Maryland 20747. Plaintiff is a resident of the state of Maryland and a United States citizen.

5. Defendant, DCFEMS, is an agency of the District of Columbia that provides the District of Columbia with critical public health and safety through pre-hospital treatment and transportation, fire prevention, fire suppression and rescue activities and homeland security awareness and is subject to suit for the negligent, discriminatory, wanton, willful or wrongful acts and/or omissions of its employees or agents and is therefore liable, pursuant to the doctrine of *Respondeat Superior*. Defendant's headquarters and center of operations is located within the District of Columbia and it is an employer within the meaning of DCHRA 2-1401.02(10).

## FACTS

6. Plaintiff incorporates all information and allegations contained in the preceding paragraphs, as if fully set forth herein.

7. On August 19, 1985, Plaintiff was hired by the District of Columbia Fire and Emergency Medical Services (DCFEMS) and currently serves as a Lieutenant.

8. In or around November 23, 2016 through February 23, 2017, Plaintiff reported charges of misconduct of both white and black employees.

9. In or around November 23, 2016 through February 23, 2017, Assistant Fire Chief Edward Mills (white) interfered with Plaintiff's terms and conditions of his employment by hindering the reporting and investigation of missing narcotics of a white employee.

10. As an appointed Lieutenant and under the terms and conditions of his employment, Plaintiff is required to draft and report charges of misconduct within DCFEMS.

11. In or around May 2017, Plaintiff complained about race discrimination to Captain Charles Stewart due to inflammatory comments made by a white employee.

12. In or around June 2017, Plaintiff was shown a nude video of a DCFEMS Paramedic employee engaging in a sex act, as well as sexual text messages of another DCFEMS female employee, to which the Plaintiff immediately discouraged his actions.

13. In or around August 31, 2017, Plaintiff was notified he was transferred by order of the Assistant Fire Chief of Operations, Craig Baker for allegedly retaliating against him for complaining about race discrimination in May 2017.

14. In or around September 3, 2017, Plaintiff has been on a long-term detail to other companies, which are analogous to a less rank of Sergeant.

15. Plaintiff is continuously asked when he will retire by numerous "white" employees due to his age as he is known to be fair with employment practices and discipline.

16. Since 1991, Plaintiff has experienced race-based discrimination, age-based discrimination, retaliatory acts and hostile work environment which are acts enabled by the DCFEMS direction that Plaintiff should not be forced to endure.

## COUNT ONE
## D.C. Human Rights Act of 1977,
## D.C. Code § 2-1402.11 *et seq*.
## (Race Discrimination)

17. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as fully set forth, herein.

18. Plaintiff has been discriminated against based upon his race, age, sex, and experienced retaliation, as defined in the District of Columbia Human Rights Act of 1977, D.C. Code § 2-1402.11 *et seq*.

19. In or around 2015, Plaintiff submitted a report for discipline against a white Firefighter/Paramedic for assaulting a patient, yet Chief Sefton (white) and DFC Crosswhite (white) blocked his efforts to push the paperwork through the Command.

20. In or around July and August 2016, paperwork that the Plaintiff submitted for discipline against black employees was pushed through the Chain of Command for disciplinary action indicating it was mandatory, which was completely contrary to the lack of disciplinary action taken earlier against white employees.

21. In or around October 2016, the DCFEMS covered-up disciplinary infractions involving missing narcotics for a white employee, which was the 3rd time in 12 months this white employee had chargeable policy violations involving missing narcotics, to which the Plaintiff later discovered.

22. In or around March 2017, Plaintiff witnessed two white firefighters tell his direct supervisor, Captain Jeffrey Patton, that they wanted him transferred because he is a black officer.

23. In or around December 2017, Plaintiff was subjected to race-based discrimination while at the Training Academy when the Assistant Fire Chief Edward Mills shook the Plaintiff's hand and then proceeded to call him "a piece of shit" while walking away.

24. Between 1991 to present, Plaintiff's initiation of discipline relative to his white subordinates was routinely discouraged and blocked by his supervisors (whom are white) and whenever he would attempt to enact disciplinary charges against white employees, those charges were discouraged, dismissed, and/or covered-up by management. However, disciplinary action initiated against black employees was routinely acted upon and pushed through the Chain of Command.

## COUNT TWO
### D.C. Human Rights Act of 1977,
### D.C. Code § 2-1402.61 *et seq*.
### (Retaliation)

25. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as fully set forth, herein.

26. In or around November 23, 2016, Plaintiff initiated disciplinary action against a white subordinate for missing narcotics and DCFEMS subsequently denied Plaintiff two (2) "special reports" in the Agency's managed investigation, making it impossible for the Plaintiff to investigate the pertinent facts and impeding his ability to do his job.

27. In or around May 2017, DCFEMS retaliated against Plaintiff because he complained about race discrimination where the Plaintiff reported several accounts of inflammatory and race-based comments by white employees directly to Captain Charles Stewart.

28. In or around August 31, 2017, Plaintiff was retaliated against for his complaints about race discrimination and sexual harassment through being transferred for an unknown reason and placed in a long-term detail to other companies since September 3, 2017, which are assignments akin to a lesser rank of Sergeant.

29. In or around September 2017, Plaintiff was involuntarily transferred to an assignment and it was attempted to transfer him again to for the Plaintiff to retire as retaliation for his complaints of race discrimination and due to his age.

30. Defendant's retaliatory conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of his race-based complaints.

**COUNT THREE**
**D.C. Human Rights Act of 1977,**
**D.C. Code § 2-1402.11 *et seq*.**
**(Sex Discrimination)**

31. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as fully set forth, herein.

32. In or around June 2017, Plaintiff was discriminated against based on his sex (male) because he was subjected to third party sexual harassment when his supervisor, Charles Stewart showed the Plaintiff a nude video of a DCFEMS Paramedic employee engaging in a sexual act, as well as sexual text messages. Plaintiff complained about Captain Stewart's conduct and immediately discouraged his behavior.

**COUNT FOUR**
**D.C. Human Rights Act of 1977,**
**D.C. Code § 2-1402.11 *et seq*.**
**(Age Discrimination)**

33. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as fully set forth, herein.

34. As a direct result of the Plaintiff's reputation for being fair with employment practices and discipline, regardless of race, sex, ethnicity, or age, numerous comments were made regarding Plaintiff's age (mostly by white employees) who constantly ask when Plaintiff will retire, or ask how much time he has left on the job.

35. In or around September 2017, Plaintiff was involuntarily transferred to an assignment and it was attempted to transfer him again to for the Plaintiff to retire as retaliation for his complaints of race discrimination and due to his age.

36. Defendant's unlawful conduct has created a climate of fear and intimidation for Plaintiff and other employees, as well as endured race-based, age-based, sex-based discriminatory and retaliatory acts which creates a hostile work environment.

37. Defendant's unlawful conduct negatively impacted the terms, conditions, and privileges of Plaintiff's employment.

38. Defendant is directly liable for the retaliatory acts or omissions of its agents, servants, and employees while acting within the course and scope of their employment, under the theory of Respondeat Superior.

39. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury, and monetary damages – including, but not limited to, future loss of income, benefits, promotion and promotional opportunities, and career opportunities – and is entitled to all available legal and equitable remedies.

40. Plaintiff has been humiliated, embarrassed, and made to endure a great amount of pain and suffering as a result of the DCFEMS's actions and unchecked culture of race, sex, and age discrimination as well as retaliation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Award reasonable attorney fees, costs, and expenses incurred for this action;

b. Award compensatory damages in their proven amount;

c. Award equitable, declaratory, and injunctive relief; and

d. Award such other and further relief as this Honorable Court deems just and proper.

## JURY DEMAND

28. Plaintiff demands trial by jury on all issues so triable.

April 29, 2020

Respectfully submitted,

By: _____
Donna Williams Rucker (D.C. Bar 446713)

Tully Rinckey, PLLC
2001 L Street NW, Suite 902
Washington, DC 20036
(202) 787-1900
DRucker@fedattorney.com

*Counsel for Michael Best*